IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ALBERTO MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0446 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2003 conviction and life sentence for murder. Petitioner requests that the Court stay and abate this petition pending exhaustion of his habeas grounds in state court. Respondent has filed a motion to dismiss (Docket Entry No. 6), to which petitioner has responded (Docket Entry No. 7.)

Based on a careful consideration of the petition, the motion to dismiss, the response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this petition without prejudice for failure to exhaust, as follows.

*Background and Claims*

Petitioner was convicted of murder on March 29, 2003, and sentenced to life imprisonment. The conviction was affirmed on appeal. *Mendoza v. State*, No. 01-03-00588-CR (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd). The Texas Court of Criminal Appeals denied discretionary review on September 22, 2004. *Mendoza*, PD-0534-04. Petitioner filed

an application for state habeas relief in December 2005. Both petitioner and the State report that the application has remained pending in the trial court since that date. This Court's independent review of public records for the Texas Court of Criminal Appeals reveals no pending state habeas application for petitioner in that court.

Petitioner raises claims of ineffective assistance of trial and appellate counsel. Respondent moves for dismissal of the case because petitioner's state habeas application remains pending in the trial court. Petitioner asks the Court to stay and abate this case because only three days remain on the one-year statute of limitations once the Texas Court of Criminal Appeals rules on his state habeas petition. Petitioner fears that he will not receive the "postcard notice" in time to seek timely federal habeas relief. Petitioner does not request that the Court deem his state court remedies exhausted due to the time delay. The parties agree that petitioner is represented by counsel in his state habeas proceeding.

*Analysis*

Under 28 U.S.C. § 2254, a petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995); 28 U.S.C. §§ 2254(b)(1), (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available State corrective process

or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

A federal district court has discretion to stay a mixed federal habeas petition, which contains both exhausted and unexhausted claims, to allow a petitioner to exhaust the unexhausted claims in state court if (1) the petitioner has good cause for his failure to exhaust, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that petitioner engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The instant petition, however, is not a "mixed" petition, as all of petitioner's habeas claims are unexhausted. Further, petitioner's fear of not timely receiving the state court's postcard notice of its ruling is unfounded; petitioner is represented by counsel who is in a position to monitor the status of the state habeas petition for petitioner.

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court held that a petitioner was not entitled to equitable tolling of the one-year statute of limitations while his untimely state petition was pending in state court. The petitioner in *Pace* argued that it was unfair not to toll the limitations period where a petitioner might litigate his state case for years, trying in good faith to exhaust state remedies, only to find out that his state petition was untimely and thus his federal claim was time-barred. The Supreme Court suggested that

> [a] prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's *reasonable confusion about whether a state filing would be timely* will ordinarily constitute 'good cause' for him to file in federal court.

*Id.* (emphasis added). *Pace* does not support applying *Rhines* to all unmixed petitions, but rather only to those limited circumstance in which a petitioner seeks to preserve his opportunity for federal habeas review because his federal claim might otherwise be time-barred due to his reasonable confusion about state filing requirements. Petitioner alleges not that he has a reasonable confusion about whether his state filing would be held timely, but that he fears he may not be able to file his federal petition within the remaining three-day limitations window. This is not an appropriate grounds for application of *Rhines* and *Pace*. Petitioner shows no meritorious grounds for a stay and abey in the instant case.

## *Conclusion*

The motion to dismiss (Docket Entry No. 6) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on March 17, 2011.

_____
Gray H. Miller
United States District Judge

4